## Case No. 2,787.

### The CLARA.

[13 Blatchf. 509.] [1]

Circuit Court, E. D. New York. Aug. 16, 1876. [2]

COLLISION AT DELAWARE BREAKWATER — STORM— WATCH—LIGHTS—LOOKOUT.

A vessel, the N., was lying at anchor inside of the Delaware breakwater, in the month of February, having gone there for safety from an approaching storm. Night same on, and it was very dark, and a large number of vessels came in, and a severe snow storm set in. The N. had no watch on deck. It was not proved that she had a light set. The C. same in for shelter from the storm, having proper lights, and a proper lookout, and, in anchoring, collided with and sank the N. *Held*, that the N. was in fault in not having a watch on deck, and could not recover against the C.

[Cited in The Isaac Bell, 9 Fed. 848; The Erastus Corning, 25 Fed. 574.]

[See note at end of case.]

[Appeal from the district court of the United States for the eastern district of New York.

[In admiralty. Libel by Jotham Shepherd and others, owners of the schooner Julia Newell, against the schooner Clara, for a loss sustained by collision. There was a decree for libellants in the district court (case unreported), and Lemuel H. H p'·:n; and others, claimants of the Clara, appeal.]

Scudder & Carter, for libellants.
Owen & Gray, for claimants.

HUNT, Circuit Justice. A collision occurred about five o'clock, a. m., of the 25th of February, 1874, inside the Delaware breakwater, between the schooners Clara and Julia Newell, whereby the latter was sunk. The Newell, a small schooner of 78 tons burden, on the afternoon of the 23d of February, anchored within the breakwater for shelter from an approaching storm, and the Clara, being on a voyage from New York to Baltimore, foreseeing the approaching storm, bore away for and also put into the breakwater for safety, where she arrived about five o'clock, a. m., of the 25th of February, and, while proceeding to a suitable and proper anchorage, collided with the Newell. There were then a large number of vessels in the breakwater, and others were constantly arriving. At the time the Clara entered the breakwater the night was cold and very dark, the moon having gone down several hours before. The Newell was lying without a watch on deck. The storm set in about the time the Clara came to anchor, and was a very severe snow storm. If the Newell had had a sufficient watch on deck, the accident might have been prevented. The Clara was well manned, and had proper lights and a proper lookout.

Whether the Newell had set and burning the light required by law for a vessel at anchor, is a matter of considerable doubt. The evidence is conflicting, and it is quite difficult to determine what the truth is. I do not, however, pass upon this point, as I hold that the absence of an anchor watch on the Newell is fatal to her right of recovery. On this point there is no conflict of evidence. The mate of the Newell testifies, that, at the time of the collision, and for a considerable period before, no one was upon the deck of the Newell. It was his watch, and he kept it

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[2] [Affirmed in The Clara, 102 U. S. 200.]

by going on deck occasionally, but remaining the most of the time in the cabin. At the time of the shouts and clamor preceding the collision, he was in the cabin, reading an almanac, and no one was on the deck. When he reached the deck, it was too late to avoid the catastrophe.

The place of refuge sought by each of these vessels was an artificial harbor off the coast of Delaware, constructed by the United States in aid of the coastwise commerce of the country. Sixty or seventy vessels had, at this time, put in there, to avoid an impending storm. It was an inclement season of the year, the month of February. The night was dark and rough, and a severe snow storm soon came on. The Newell and the Clara had each a perfect right, as had all other vessels, to take advantage of this place of safety. It was, however, the duty of each to take the proper and customary measures for its own protection, and to avoid injury to others. As she came in, the Clara was bound to have a sufficient and careful lookout, in addition to the lights required by the statute. This, I think, she had. The Newell was bound to keep a head light, and was, also, bound to keep a watch upon her deck. The latter duty she entirely omitted. If her mate had been upon deck, keeping a careful lookout, he might have seen the Clara and her lights at such a distance, that, by hails and shouts, he could have warned her of the position of the Newell. If he could not have seen her lights, he might have heard the noise arising from lowering her sails and casting her anchors. It is testified, that the Clara could have heard a hail from the Newell at a distance of one hundred yards, and thus the accident might have been avoided. The omission was a want of proper vigilance, and it is by no means certain, that, if well kept, the watch would not have preserved both vessels in safety. The Sapphire, 11 Wall. [78 U. S.] 170, 171; The Indiana [Case No. 7,020]; Cohen v. The Wilder [Id. 2,965]; The Lydia [Id. 8,614]. The lookout of the Clara failed to discover the light of the Newell, if she had one, but the Newell might have seen her lights, or heard her noise, and, by shouts and hails, have given that notice which was needed. For this negligence I think she loses her right of recovery, and that the decree must be reversed and the libel dismissed.

[NOTE. From this decree, libellants appealed to the supreme court [102 U. S. 200], where the decree of the circuit was affirmed. [The grounds of the affirmance are thus stated by Mr. Justice Swayne: "While undoubtedly it was the duty of the Clara to enter the breakwater and proceed to her anchorage with the greatest care and circumspection, the case discloses no fault whatever, of omission or commission, on her part. The findings, however, as to the Newell, put her deeply in the wrong, and there is nothing in the record which mitigates in any degree the severe condemnation which her recklessness invoked."]